IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAND O'LAKES, INC.,

                                                        OPINION and ORDER

                Plaintiff,

                                                        08-cv-355-bbc

     v.

JOSLIN TRUCKING, INC.;
BLUE THUNDER TRUCK BROKERAGE, INC.;
GREAT WEST CASUALTY COMPANY; and
THOSE CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON WHO SUBSCRIBE TO
CERTIFICATE NUMBER IRPI-CL-06-025,[1]

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil action brought by plaintiff Land O'Lakes against defendants Joslin Trucking, Inc., and Blue Thunder Truck Brokerage, Inc., for the loss of a shipment of butter while in interstate commerce pursuant to 49 U.S.C. § 14706. Plaintiff asserts separate claims against Great West Casualty Company and Those Certain Underwriters at Lloyd's,

---

[1] In defendant's motion to dismiss, defendants Those Certain Underwriters at Lloyd's, London who subscribe to Certificate number IRPI-CL-06-025 points out that they were incorrectly identified as Lloyd's Illinois, Inc. in plaintiff's original complaint. The caption has been corrected accordingly.

1

London who subscribe to Certificate Number IRPI-CL-06-025 for the insurance coverage that plaintiffs expect to result from the loss.

This case is currently before the court on two separate motions by the defendant insurers. Defendant Great West has moved to stay proceedings as to liability and bifurcate the proceedings in order to determine whether it is required to indemnify defendant Joslin Trucking. Because staying and bifurcating proceedings would not be in the interest of the parties or eliminate unnecessary litigation, I will deny defendant Great West's motion. Next, defendants Those Certain Underwriters have brought a motion to dismiss plaintiff's claim pursuant to Fed. R. Civ. P. 12 contending that under Wisconsin law a direct action cannot be maintained against them by plaintiff and that they are not proper parties to the lawsuit. Although that motion will be denied, plaintiff will be ordered to show cause why its claims against defendants Those Certain Underwriters and Great West should not be dismissed for failure to state a claim under the Carmack Amendment.

Plaintiff alleges the following facts in its complaint.

ALLEGATIONS OF FACT

Plaintiff Land O' Lakes owns and operates a butter factory in Madison, Wisconsin known as Madison Dairy Company.

Defendants Those Certain Underwriters at Lloyd's, London who subscribe to

2

Certificate Number IRPI-CL-06-025 insure defendant Blue Thunder Truck Brokerage, Inc., for losses to cargo it contracts to carry.

Defendant Great West Casualty Company insures defendant Joslin Trucking for losses to cargo it contracts to carry.

On or about October 4, 2007, plaintiff entered into a contract with defendant Blue Thunder to transport a load of butter from Wisconsin to New Jersey. Blue Thunder then brokered the shipment to Joslin Trucking.

Defendant Joslin Trucking took possession of the butter on October 12, 2007 from High Track, LLC, in McFarland, Wisconsin. The butter was in good condition when it was loaded into Joslin Trucking's truck and had a total value of $65,425.60. The driver for Joslin Trucking executed a bill of lading in exchange for the butter with High Track. The load of butter was not delivered to New Jersey and was not returned to plaintiff.

On October 18, 2007, Joslin Trucking reported the truck and trailer carrying the butter stolen. It also reported the matter to its insurer, defendant Great West.

OPINION

A. Defendant Great West's Motion To Stay and Bifurcate

Defendant Great West Casualty Company insures Joslin Trucking for any liability arising from lost cargo it contracts to transport. It has filed a motion to stay liability

3

proceedings on plaintiff's claim for damages arising from the alleged loss of its shipment of butter. According to defendant Great West, a stay is necessary to determine whether it will be required to indemnify defendant Joslin Trucking for any liability it may incur for the loss of the load of butter. The insurance contract between defendants Great West and Joslin Trucking provides coverage for lost cargo that Joslin Trucking transports but excludes coverage of any loss resulting from infidelity, dishonesty or criminal acts. Defendant Great West believes that the loss of the shipment of butter was a result of one of these excluded acts. In deciding whether to stay and bifurcate, the question is whether determining defendant Great West's duty to indemnify Joslin Trucking before resolving whether Joslin Trucking is liable for the loss would promote the interest of the parties and eliminate unnecessary litigation.

In support of its position, defendant Great West points to my opinion in United States v. Thorson, 219 F.R.D. 623 (W.D. Wis. 2003), in which I found that determining whether an insurer is required to defend its insured should proceed a trial on liability. Id. at 629. In Thorson, the insured tendered the defense of plaintiff's complaint to its insurance carrier, who at the time was not a party to the underlying suit. Id. at 626. In response, the insurance company brought a motion under Fed. R. Civ. P. 24 to intervene and to determine whether it had a duty to defend the insured against plaintiff. Id. In Thorson, it was more efficient and sensible to determine the coverage issue separately because it allowed the

4

insurance company to avoid the unnecessary expenditure of attorney fees when it had no obligation to be involved in the suit.

However, defendant Great West does not contend that it has no duty to defend, merely that it has no duty to indemnify. Therefore, unlike Thorson, defendant Great West would not be saving itself from unnecessary litigation and expenses. Whether defendant Great West is liable for the alleged loss of cargo by defendant Joslin Trucking cannot be determined without first establishing whether any liability exists in the first place. Thus, staying and bifurcating would not promote efficient litigation in this instance because it would not eliminate unnecessary parties or reduce litigation. Furthermore, any declaration on whether defendant Great West is required to cover Joslin Trucking before finding it liable for the loss would be an advisory opinion at best. Because federal courts "possess no . . . authority to issue advisory opinions," Citizens for a Better Environment v. Steel Co., 230 F.3d 923, 927 (7th Cir. 2000), a determination of the indemnification question will have to wait until the question of Joslin Trucking's liability is resolved. Thus, I find that staying and bifurcating proceedings would not be proper.

### B. Defendants Those Certain Underwriter's Motion to Dismiss

Plaintiff has brought claims under the Carmack Amendment, 49 U.S.C. § 14706, which regulates the duties and liabilities of carriers who transport goods in interstate travel.

5

Defendant Blue Thunder is a carrier who contracted with plaintiff to transport a load of butter in interstate travel. Plaintiff seeks to bring a direct suit against defendants Those Certain Underwriters because they insure defendant Blue Thunder. Under Wisconsin Law, a plaintiff can bring an action against an insurance company for the liability of individuals or entities it insures. The question is whether federal law allows a direct suit to be maintained against an insurance company for the liability of its insured under the Carmack Amendment.

Under 49 U.S.C. § 14706, federal courts have jurisdiction to hear suits for lost or damaged goods transported in interstate commerce brought by shippers against carriers. To state a claim under the Carmack Amendment, a plaintiff must allege that (1) goods intended for interstate commerce were delivered to a carrier in good condition; (2) the goods were lost or damaged; and (3) the amount of damages as a result of the lost or damaged shipment. Jos Schlitz Brewing Co. v. Transcon Lines, 757 F.2d 171, 172-173 (7th Cir. 1985). In this case, plaintiff has alleged that it entered into a contract with defendant Blue Thunder to ship butter from Wisconsin to New Jersey. When defendant Joslin Trucking received the butter that it agreed to transport for defendant Blue Thunder, the load was in good condition. The shipment never arrived at the intended destination and neither defendants Blue Thunder or Joslin Trucking have returned the butter to plaintiff. The total cost of the butter was $65,425.50. Plaintiff's claim appears on solid footing under the Carmack Amendment.

6

Therefore, jurisdiction is present under 28 U.S.C. § 1331.

However, the basis for plaintiff's complaint against defendants Those Certain Underwriters is unclear. The statute appears to be limited to suits brought by "delivering carrier[s]" and "carrier[s] alleged to have caused the loss or damage." 49 U.S.C. § 14706 (d)(1)-(2). Nowhere in the statute is there any mention of joining insurers of motor carriers to the suit.

Plaintiff's sole theory for joining defendants Those Certain Underwriters appears to be the insurance policy it has with defendant Blue Thunder. Indeed, the issue the parties briefed is whether Wisconsin's direct action statute, Wis. Stat. § 632.24, allows plaintiff to join insurers to this action. Although Wisconsin's direct action statute might be a way to sue insurers in federal court when a case is before a federal court pursuant to 28 U.S.C. § 1332 or § 1367, neither section is alleged in this complaint, and plaintiff's claims against the carriers cannot be construed to include state law claims. <u>Hughes v. United Van Lines, Inc.</u>, 829 F.2d 1407 (holding that remedy provision of Carmack Amendment preempts all state and common law remedies inconsistent with Interstate Commerce Act).

However, this case is not brought under Wisconsin law but federal law. As this court has held in the context of suits under 42 U.S.C. § 1983, "Wis. Stat. § 632.24 allows a direct action against an insurer when the underlying claim against the insured is for negligence . . . but not when the underlying claim is grounded on constitutional violations."

7

Mombourquette v. Wisconsin Counties Mutual Insurance Corp., 2006 WL 1236732, *3 (W.D. Wis. 2006). The same rule would seem to apply in this case, where plaintiff brings its claim under another federal law. Both parties appear to assume that Wis. Stat. § 632.24 could apply to cases brought under 49 U.S.C. § 14706. However because plaintiff's claim does not arise under state law, I am not sure why Wisconsin law should determine any issue in this case when the basis of plaintiff's claim is federal law.

Although defendants Those Certain Underwriter have brought a motion to dismiss for failure to state a claim under Wisconsin's direct action statute, Wis. Stat. § 632.24, its brief in support of the motion does not address the more general question whether a direct claim against an insurance company is proper in this case. Therefore, I will not grant the motion. However, I will order plaintiff to show cause why this court should not dismiss its claims against defendants Those Certain Underwriters and defendant Great West Casualty Company (against whom plaintiff also asserts a direct action claim) for failure to state a claim under the Carmack Amendment. Because this is an issue that applies to both insurers in this case, I will give them an opportunity to reply to plaintiff's motion.

ORDER

IT IS ORDERED THAT:

1. Defendant Great West Casualty Company's motion to stay liability proceedings

8

and bifurcate coverage issues is DENIED.

2. The motion of defendants Those Certain Underwriters at Lloyd's, London who subscribe to Certificate Number IRPI-CL-06-025 to dismiss plaintiff's claim against them is DENIED.

3. Plaintiff Land O' Lakes is ordered to show cause why its claims against defendants' Those Certain Underwriters at Lloyd's, London who subscribe to Certificate Number IRPI-CL-06-025 and Great West Casualty Company should not be dismissed for failure to state a claim under the Carmack Amendment, 49 U.S.C. § 14706.  Plaintiff has until November 5, 2008, to file a brief addressing this issue.  Defendants Those Certain Underwriters at Lloyd's, London who subscribe to Certificate Number IRPI-CL-06-025 and Great West Casualty Company will have until November 14, 2008, to file briefs in opposition to plaintiff's brief.  If plaintiff does not file a brief on this matter by November 5, 2008, the clerk of court is ordered to dismiss the claims against the defendants Those Certain

Underwriters at Lloyd's, London who subscribe to Certificate Number IRPI-CL-06-025 and Great West Casualty Company.

Entered this 24th day of October, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge